# EXHIBIT A

**JOHN L. BURRIS, ESQ., SBN 69888**
**ADANTE POINTER, ESQ., SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.H. by and through his Guardian Ad Litem Teandra Butler, individually and as successor-in-interest to Decedent DEMOURIA HOGG,<br><br>Plaintiff,<br><br>vs.<br>CITY OF OAKLAND, a municipal corporation; WILSON LAU, individually and in his capacity as a Sergeant for the Oakland Police Department; NICOLE RHODES, individually and in her capacity as an Officer for the Oakland Police Department; DANIEL CORNEJO-VALDIVIA, individually and in his capacity as an Officer for the Oakland Police Department; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.: 3:16-cv-01669 RS<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.     On the morning of June 6, 2015, Decedent DEMOURIA HOGG was awoken, shot and killed after City of Oakland Police Officers found him sleeping in his car in or around the area

of the Lakeshore Ave off-ramp of Highway 580, in the City of Oakland, California.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent DEMOURIA HOGG, who died as a result of being shot to death by Officer Nicole Rhodes of the Oakland Police Department.

3. This action seeks to recover damages for the violation of rights personal to Decedent and the rights of his surviving heir. This action is maintained on behalf of Decedent, by his successor-in-interest, D.H. by and through his Guardian Ad Litem TEANDRA BUTLER.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Oakland, Alameda County, California, which is within this judicial district.

## PARTIES

5. Decedent, DEMOURIA HOGG, was an individual residing in the County of Alameda, State of California. Decedent was unmarried at the time of his death and died intestate.

6. Plaintiff herein, D.H. ("Plaintiff"), is and was at all times herein mentioned the biological son of Decedent DEMOURIA HOGG. D.H. sues in his individual capacity and as Successor in Interest to Decedent by and through his Guardian Ad Litem, TEANDRA BUTLER.

7. At all times mentioned herein, Defendant Sergeant WILSON LAU ("LAU"), is sued in his individual capacity and in his capacity as a Sergeant for the Oakland Police Department.

8. At all times mentioned herein, Defendant Officer NICOLE RHODES ("RHODES"), is sued in her individual capacity and in her capacity as an officer for the Oakland Police Department.

9. At all times mentioned herein, Defendant Officer DANIEL CORNEJO-VALDIVIA ("CORNEJO-VALDIVIA"), is sued in his individual capacity and in his capacity as an officer for the Oakland Police Department.

10. At all relevant times herein, Defendant THE CITY OF OAKLAND ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority

to adopt policies and prescribe rules, regulations and practices affecting the operation of the Oakland Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of DOES Defendants, individually and as a peace officers.

11. At all relevant times, DOES Defendants, individually and as a peace officers; were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

12. At all relevant times, Defendants individually and as peace officers; were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers; were acting on the implied and actual permission and consent of the CITY.

14. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

15. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1-25 Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that these DOES 1-25 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed an administrative claim with the CITY OF OAKLAND on November 12, 2015. The claim was rejected by the CITY OF OAKLAND on January 27, 2016.

## FACTUAL ALLEGATIONS

17. On the morning of June 6, 2015, Oakland firefighters noticed Decedent DEMOURIA HOGG, unconscious inside of his car, parked near the Lakeshore off-ramp of the Westbound Highway 580, in the City of Oakland, California. When the firefighters looked into the car they believed that they saw a handgun on the passenger seat next to Decedent DEMOURIA HOGG. At that point, the firefighters called the Oakland Police Department.

18. Defendants Sergeant LAU, Officer RHODES, Officer CORNEJO-VALDIVIA, and nine Defendant DOE officers from the Oakland Police Department arrived at the scene. When the officers arrived they saw Decedent DEMOURIA HOGG, unconscious, inside of his car. Defendant Sergeant LAU established the plan of action. The officers proceeded to set up a perimeter around Decedent's car. Over the course of an hour, the officers repeatedly attempted to wake Decedent DEMOURIA HOGG. The officers first used a bullhorn, then they tried to break the car windows with bean bag rounds. Nevertheless, Decedent DEMOURIA HOGG remained asleep. Several officers approached the car and used a device to break out the passenger side windows. Decedent DEMOURIA HOGG was still unresponsive. The officers then used their loudspeakers in an attempt to wake Decedent.

19. After repeated attempts, the Defendant officers finally woke Decedent DEMOURIA HOGG. After waking Decedent, Defendant officer CORNEJO-VALDIVIA immediately tased him. Inexplicably, before Decedent DEMOURIA HOGG could react, Defendant officer RHODES shot Decedent with her service weapon. Decedent DEMOURIA HOGG was transported to Highland Hospital, where he was pronounced dead.

20. On information and belief, Decedent had not committed any crime. Defendants, individually and as peace officers; who were CITY police officers, had neither reasonable suspicion to detain Decedent nor probable cause to arrest him.

21. Defendants, individually and as peace officers; while acting in the course and scope of their employment with CITY, negligently assessed the circumstances presented to them and violently confronted Decedent DEMOURIA HOGG without having probable cause to believe that Decedent had committed a violent felony, or would commit a violent felony in the future.

22. Without warning, Defendants, individually and as peace officers; broke Decedent's automobile driving side front and passenger windows proceeded to assault and batter Decedent by acts which included, but were not limited to, repeatedly and unjustifiably firing two deadly rounds from her department issued firearm while another officer simultaneously deployed a taser striking Decedent all over his body, which proved to be fatal. Decedent DEMOURIA HOGG died as a proximate and direct cause of gun-shot wounds.

23. At no time during the course of these events did Decedent DEMOURIA HOGG pose any reasonable threat of violence to the defendant officers or any other individual, nor did he do anything to justify the use of deadly, excessive, unreasonable, unlawful and unnecessary force against him, by the defendant officers.

24. Both prior to and during the time in which Decedent DEMOURIA HOGG was tased and shot to death by defendants, Decedent DEMOURIA HOGG made no aggressive movements, no furtive gestures, and no physical movements which would cause an officer to reasonably believe Decedent DEMOURIA HOGG had the will, or the ability to inflict substantial bodily harm against any individual or officer.

25. Plaintiff is informed and believes and thereon alleges that members of the Oakland Police Department, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent, DEMOURIA HOGG.

**DAMAGES**

26.     As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff D.H. by and through his Guardian Ad Litem TEANDRA BUTLER, was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

27.     Plaintiff D.H., by and through his Guardian Ad Litem DEMOURIA HOGG brings this claim as successor-in-interest to Decedent and seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and his rights.  Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

28.     Plaintiff D.H., by and through his Guardian Ad Litem TEANDRA BUTLER is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

29.     Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**(Wrongful Death - 42 U.S.C. §1983)**

(Plaintiff D.H., by and through his Guardian Ad Litem TEANDRA BUTLER against Defendants LAU, RHODES, CORNEJO-VALDIVIA, and DOES 1-25)

30.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31.     As set forth above, Decedent DEMOURIA HOGG was subjected to  deprivation of

rights by Defendants DOES 1-25, inclusive, acting under color of law of the United States and State of California and of the CITY, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States. By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of Decedent DEMOURIA HOGG, including those provided in the Fourth and Fourteenth Amendments to the U.S. Constitution and of Plaintiff D.H. by and through his Guardian Ad Litem TEANDRA BUTLER, as well as those which are protected under the Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violation of Plaintiff's 14th Amendment Rights/Right to Familial Relationship-42 U.S.C. § 1983)**

(Plaintiff D.H., by and through his Guardian Ad Litem TEANDRA BUTLER against Defendants LAU, RHODES, CORNEJO-VALDIVIA, and DOES 1-25)

32. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth;

33. Defendants, by acting under color of law, acts and/or inactions, Deprived Plaintiff of his constitutional rights to a familial relationship; and through Defendants' deliberate indifference caused injuries which resulted in decedent's death, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**
(Plaintiff D.H., by and through his Guardian Ad Litem TEANDRA BUTLER against Defendant CITY)

34. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35. On information and belief Defendants' conduct, individually and as peace officers, who tased and shot decedent to death, was ratified by CITY's police department supervisorial officers.

36. On information and belief, Defendants were not disciplined for killing Decedent, who did not pose a risk to Defendants.

37. On and for some time prior to June 6, 2015, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff and Decedent DEMOURIA HOGG of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent DEMOURIA HOGG, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies, including the use of excessive and deadly force;

    b. Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police officers, and other personnel, including Defendants who CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of CITY;

    d. By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

      e.   By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of CITY;

      f.   By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

      g.   By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers.

38.   By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiff, D.H. is entitled to recover damages.

39.   Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of decedent, Plaintiff, and other individuals similarly situated.

40.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

41.   Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiff.

42. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff was caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

43. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

44. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

### (Wrongful Death-Negligence)

### (C.C.P. §377.60 and 377.61)

(Plaintiff D.H., by and through his Guardian Ad Litem TEANDRA BUTLER against Defendants LAU, RHODES, CORNEJO-VALDIVIA, and DOES 1-25)

45. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. Defendants and DOES 1-10 inclusive, by and through their respective agents and employees, proximately caused the death of Decedent as a result of their negligent conduct as set-forth herein.

47. As an actual and proximate result of said defendants' negligence, and the death of Decedent, Plaintiff D.H., has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of his father, Decedent, in an amount according to proof at trial.

48. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

49. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Violation of CALIFORNIA CIVIL CODE §52.1)

(Plaintiff D.H., by and through his Guardian Ad Litem TEANDRA BUTLER against Defendants LAU, RHODES, CORNEJO-VALDIVIA, and DOES 1-25)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent DEMOURIA HOGGS' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Negligence)

(Plaintiff D.H., by and through his Guardian Ad Litem TEANDRA BUTLER against Defendants LAU, RHODES, CORNEJO-VALDIVIA, and DOES 1-25)

52. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

53. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant CITY. As such Defendant CITY is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

54. Defendant DOE Officers negligently and without due care, and without cause or provocation fired a taser and two deadly rounds at Decedent. Decedent died as a proximate and direct cause of gun-shot wounds.

55. The shooting of Decedent occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

56. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants LAU, RHODES, CORNEJO-VALDIVIA and/or DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. Section 794a;

6. For cost of suit herein incurred;

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  May 17, 2016                                  /s/Adante D. Pointer
                                                      ADANTE POINTER, ESQ
                                                      Attorney for Plaintiff