BARBARA J. PARKER, City Attorney - SBN 069722
OTIS McGEE, JR., Chief Assistant City Attorney - SBN. 71885
DAVID A. PEREDA, Supervising Attorney - SBN 237982
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Phone:  (510) 238-4921 (Pereda)
Fax:  (510) 238-6500
Email: DPereda@oaklandcityattorney.org
(186075)

Attorneys for Defendant
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLENE HUTCHINSON, et al.<br><br>              Plaintiffs,<br>      v.<br><br>CITY OF OAKLAND, et al.<br><br>              Defendants. | Case Nos.  3:15-cv-05011-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**Date:  July 21, 2016**<br>**Time: 10:00 a.m.**<br>**Courtroom: 3, 17th Floor** |
| D.H., et al.<br><br>              Plaintiffs,<br>      v.<br><br>CITY OF OAKLAND, et al.<br><br>              Defendants. | Case No. 3:16-cv-016699-RS |

The parties respectfully submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California (November 1, 2014) and Civil Local Rule 16-9.

## 1. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over Plaintiffs' claims arising under 42 U.S.C. §1983. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiffs' state law claims.

The parties are working together to substitute in an officer for a Doe defendant.

## 2. FACTS

### Plaintiffs' Statement

On June 6, 2015, in or around the area of the Lakeshore off ramp of the westbound Highway 580, in the City of Oakland, California. That morning, thirty year old Mr. Demouria Hogg was inside of this car when heretofore unknown Officers employed by and acting in the course and scope of their employment with the Oakland Police Department and the City of Oakland violently confronted him.

Without warning, at least one respondent officer repeatedly and unjustifiably discharged her department issued firearm at the person of Mr. Demouria Hogg, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved officers denied immediate medical care to Mr. Hogg in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Mr. Hogg pose any reasonable threat of violence to the defendant officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

Shortly after 7:30 am, on June 6, 2015, Mr. Hogg died as a direct and proximate result of gunshot wounds inflicted upon his person by the respondent officers.

///
///
///

Plaintiff further contends that the involved defendant officers of the Oakland Police Department were negligently trained and retained by the Oakland Police Department and the City of Oakland in that they had known propensities for acting in the fashion that they did with respect to this incident, all of which was a proximate cause of injuries to Mr. Hogg and his family members. Additionally, Plaintiffs contend that Mr. Hogg's death were the proximate result of unconstitutional policies and customs of the Oakland Police Department and the City of Oakland. Especially as it relates to the manner by which Oakland Police officers deal with barricaded subjects.

**The City's Statement of Facts**

On June 6, 2015, at around 7:18 a.m., the Oakland Fire Department ("OFD") received a call about a car that was stopped on the 580 West Lakeshore off-ramp, near Lakeshore Avenue. The idling car was facing a local farmer's market that was setting up. Responding OFD personnel saw that Demouria Hogg was sitting in the driver's seat, seemingly not alert, and that a gun with an extended magazine was sitting in plain view on the passenger's seat. OFD alerted police.

By 7:37 a.m., Oakland Police officers took positions behind Hogg's car. The officers established a perimeter and a designated arrest team. Using a loudspeaker, the officers identified themselves, announced that they knew that Hogg was armed, and issued commands to Hogg. The officers did this many times. The officers also struck the car with beanbag rounds. Next, officers approached the car to break the passenger-side windows. The windows were broken. But due to the type of tint, they did not shatter. When this happened, Hogg moved and said something. The officers followed up with more announcements, commands, and beanbag rounds. Hogg never complied.

At around 8:44 a.m., two teams of officers set out to remove Hogg from the car. Once the officers were at the car, the lethal cover officer saw Hogg reaching toward the

passenger seat. The officer yelled "Don't move!" three times. When Hogg was still reaching, the officer fired two shots. One struck Hogg in his lower left rib cage. At the same time, another officer deployed a Taser probe. Staged first responders immediately began to render medical aid. Unfortunately, Hogg died from the gunshot wound.

**3. LEGAL ISSUES**

i. Whether OPD officers unreasonably seized Mr. Hogg—Fourth Amendment.
ii. Whether OPD officers used excessive force against Mr. Hogg—Fourth Amendment.
iii. Whether OPD officers denied medical care to Mr. Hogg—Fourth Amendment.
iv. Whether OPD officers violated Plaintiffs' substantive due process rights.
v. Whether OPD officers interfered with Plaintiffs' familial association.
vi. Whether a City practice or policy was a moving force in the deprivation of a constitutional right.
vii. Whether OPD officers falsely arrested Mr. Hogg.
viii. Whether OPD officers battered Mr. Hogg.
ix. Whether OPD officers' conduct fell below the applicable standard of care.

**4. MOTIONS**

The parties may file dispositive motions as to some or all of the issues.

**5. AMENDMENT OF PLEADINGS**

The parties will stipulate to amending the pleadings to substitute a Doe defendant and to add a guardian ad litem.

**6.   EVIDENCE PRESERVATION**

The parties will take all necessary steps to preserve all evidence, including electronically stored data.

**7.   DISCLOSURES**

The City made served its initial Rule 26 disclosures; the City has agreed to extend the deadline for Plaintiffs to serve their initial disclosure.

**8.   DISCOVERY**

On May 2, 2016, this Court entered a stipulated protective order. The City is voluntarily producing materials. In addition, the City will respond to discovery that Plaintiffs propounded.

**9.   CLASS ACTIONS**

Not applicable.

**10.   RELATED CASES**

One of the mothers of Mr. Hogg's children filed a separate action, *Teandra Butler, et al. v. City of Oakland, et al.* 16-01669 LB. The City answered the complaint on April 25, 2016. On June 6, 2016, the Court related these cases. Dkt. No. 29.

**11.   RELIEF**

Plaintiffs seek special damages, general damages, punitive damages, attorney's fees, and costs.

**12.    SETTLEMENT AND ADR**

Plaintiff is willing to participate in Private Mediation.  The parties agree to a settlement conference with a Magistrate Judge.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs decline the assignment of a Magistrate Judge for trial and entry of judgment in this case.  The City consents to the assignment of a Magistrate Judge for all purposes.

**14.    OTHER REFERENCES**

Not applicable.

**15.    NARROWING OF ISSUES**

The parties agree to meet and confer on stipulations that may narrow the issues and on potential bifurcation of issues, claims or defenses.

**16.    EXPEDITED TRIAL PROCEDURE**

Not applicable.

/ / /

### 17. SCHEDULING

| Date | Event |
| --- | --- |
| **August 12, 2016** | MSC |
| **December 18, 2016** | Close of Fact Discovery |
| **January 15, 2017** | Last Day to Serve Expert Disclosures |
| **February 13, 2017** | Close of Expert Discovery |
| **March 27, 2017** | Last Day to Hear Dispositive Motions |
| **April 24, 2017** | Trial |

### 18. TRIAL

Each side requests a jury trial no sooner than in March 2017.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Local Rule 3-15 "does not apply to any governmental entity or its agencies." L. R. 3-15(a). Plaintiffs are aware of no disclosure to make under the Rule.

### 20. PROFESSIONAL CONDUCT

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. OTHER

At the City's request, the parties are meeting and conferring about the form of future pleadings. The City would like to explain this issue to the Court at the Case Management Conference.

Dated:  July 14, 2016

BARBARA J. PARKER, City Attorney
OTIS McGEE, JR., Chief Assistant City Attorney
DAVID A. PEREDA, Supervising Attorney

By: _____/s/_____
DAVID A. PEREDA
Attorneys for Defendant
CITY OF OAKLAND

Dated:  July 14, 2016

*DOUGLAS / HICKS LAW, APC*

By:_____/s/_____
JAMON R. HICKS
Attorneys for Plaintiffs
ALLENE HUTCHINSON, et al

By:_____/s/_____
ADANTE POINTER
Attorneys for Plaintiff
TEANDRA BUTLER, et al

## ELECTRONIC CASE FILING ATTESTATION

I, David Pereda, am the ECF user whose identification and password are being used to file the foregoing documents.  Pursuant to Civil Local Rule 5.1(i), I hereby attest that concurrence in the filing of these documents has been obtained from each of its Signatories.

Dated: July 14, 2016                        */s/ David Pereda*
                                            David Pereda