UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.H., <br>            Plaintiff, <br>     v. <br> CITY OF OAKLAND, et al., <br>            Defendants. | Case No. 16-cv-01669-RS <br><br> **ORDER RE DOCKET NOS. 47 AND 50** |

Civil Local Rule 7-1(a) sets out the means by which "[a]ny written request to the Court for an order" must be presented. Most commonly, motions are to be made on 35 days' notice, as provided in Rule 7-2. Where a substantive matter warrants expedited consideration, a request to shorten time may be presented under Rule 6-2 or 6-3. While the term "*ex parte*" in state court practice has come to mean motions submitted on abbreviated notice or with no notice, and with the understanding that expedited court action is requested, in this forum the term refers only to motions "filed without notice to opposing party," and such motions are permitted only under very limited circumstances, which do not appear to be present in this action. See Rule 7-10.

Plaintiff's motions in this action, although labeled as "*ex parte*" were in fact automatically served through the ECF system when filed. Accordingly, they were not made "*ex parte*." Because they were labeled merely as sealing motions and were not noticed for hearing and accompanied by a Rule 6 request to shorten time, however, they were not flagged for expedited consideration.

Given that the matter has now come to the Court's attention, plaintiff will not be required to correct the procedural errors by re-filing with a Rule 6 request to shorten time. Turning to the substance of the motions, additional issues arise. Plaintiff's "Second Motion to File Under Seal" (Dkt. No 47)[1] includes a motion to appoint Teandra Butler as the guardian *ad litem* for the plaintiff in this action, a son of the decedent, referred to as D.H. in the complaint, and as D.M.H or D.M.H II, in the unredacted versions of the motion. See Dkt. No. 44-4. The motion also seeks approval of a minor's compromise on plaintiff's behalf.

The proposed order submitted in Dkt. No. 47, however, would appoint one Tylena Livingston as guardian *ad litem* for "D.S.H." a person who appears to a *different* child of the decedent, a daughter, who is not a plaintiff in this action. See Dkt. Nos. 47-7 (redacted version of proposed order) and 47-8 (unredacted version of proposed order). D.S.H appears to be one of the plaintiffs in the related action, but her counsel of record in that action is not the same as plaintiff's counsel in this action. Accordingly, a proposed order must be submitted that appoints Teandra Butler and approves the compromise on behalf of plaintiff D.H.

Plaintiff's "Third Motion to File Under Seal" (Dkt. No 50) relates to appointment of Livingston for D.S.H., and approval of the settlement as to D.S.H. As noted, D.S.H. is not a party in this action, and even taking into account the related action, there is no record that plaintiff's counsel in this action represents her. The court recognizes that the parties have cooperated to achieve a global settlement across both actions, and that plaintiff's counsel in this action may very well be authorized to act for both children and their guardians. Nevertheless, it would be inappropriate to appoint a guardian *ad litem* and approve a minor's compromise for a non-party, especially without a clear record that counsel represents her. The parties may address the problem in such manner as they see fit, either by adding D.S.H. to this action, or by seeking appointment of a guardian *ad litem* and approval of her minor's compromise in the related action instead of here.

---

[1] A "First Motion to File Under Seal" has been withdrawn as erroneously filed, and removed from the record. See Dkt. Nos. 46, 49, and 52.

In either event, any attorneys presenting motions on behalf of D.S.H. should ensure they have appeared as her counsel of record.

**IT IS SO ORDERED**.

Dated: January 20, 2017

_____
RICHARD SEEBORG
United States District Judge